UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. HENDERSON,

      Petitioner,

vs.                                          CASE NO. 06-12120
                                              HON. LAWRENCE P. ZATKOFF

WILLIE SMITH,

      Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed an application for a writ of habeas corpus (Docket #1). This matter is currently before the Court on Magistrate Judge Morgan's Report and Recommendation regarding the application for writ of habeas corpus (Docket #38). The Magistrate Judge recommends that Petitioner's application for the writ of habeas corpus be denied.

After a thorough review of the court file, the Report and Recommendation, and the objections to the Report and Recommendation filed by the Petitioner, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. In addition, the Court briefly addresses each of the issues raised by Petitioner in his objections to the Report and Recommendation, as follows.

Petitioner first argues that the Magistrate Judge "erred in concluding that Petitioner was not entitled to a writ of habeas corpus on constitutional grounds." Petitioner argues that the trial court convicted him based on the police report, the preliminary examination and intoxication. Petitioner also argues that the trial court erred in not allowing certain persons to speak on his behalf at sentencing. After reviewing the record, the Court concludes that the trial court did not convict Petitioner on the basis of the police report, preliminary examination and intoxication. Rather, the trial court simply relied on the police report and preliminary examination for purposes of determining that there was a factual basis for Petitioner's *nolo contendere* plea. As to the failure to

allow persons to speak on Petitioner's behalf at his sentencing, there is no legal authority to support that desire, so there was no error in not affording Petitioner such an opportunity.

Second, Petitioner argues that the Magistrate Judge "erred in concluding that the due process clause was not violated in an indigent petty offense on appeal but @ trial." Petitioner contends that he was denied due process because he did not receive a transcript and was denied the right to testify in establishing a settlement of the record. Petitioner believes that the record should have been (and should be) established only after he and his witnesses have an opportunity to state what they believe was said at the plea hearing. This Court disagrees, particularly in light of the Supreme Court's decision in *Mayer v. Chicago*, 404 U.S. 189 (1971) (complete record does not require a verbatim transcript if the state has found another means of providing an adequate record), and M.C.R. 7.120(B)(2)(c), which provides for the procedure undertaken by the trial court in this case. In addition, federal habeas relief for a missing transcript is to be granted only when the petitioner can show prejudice. *See Scott v. Elo*, 302 F.3d 598, 604 (6th Cir. 2002). Gross speculation that the transcript is necessary for a fair appeal is not sufficient, *see Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986). In this case, Petitioner has offered nothing more than gross speculation that he was prejudiced.

Third, Petitioner asserts that his plea was invalid. Petitioner believes his plea was not intelligent or voluntary because his attorney told him that he would receive a different sentence than the one imposed. The Court has reviewed the record, however, and agrees with the Magistrate Judge's conclusion. The plea agreement did not specify a certain length of incarceration Petitioner would receive or even a cap on the period of incarceration to which he was subject. The trial court also asked Petitioner whether anyone had promised him anything beyond what is in the plea agreement, and Petitioner denied that anyone had. Accordingly, this Court finds that Petitioner's plea was voluntary and intelligent.

Fourth, Petitioner asks the Court to find that his trial level counsel was ineffective because such counsel promised Petitioner he would receive no more than three years incarceration and would
2

have to register as a sex offender only for 10 years, not life. Even if Petitioner's former counsel said what Petitioner alleges (which has been disputed), the plea agreement contains no such language. In addition, as noted above, Petitioner told the Court he was not promised anything beyond what was in the plea agreement. Finally, Petitioner didn't mention this issue at all when he was sentenced.

Fifth, the Petitioner argues that the prosecutor violated the terms of the plea agreement when it sentenced him to a term of imprisonment from the guidelines but above the agreement. Here, there is no evidence on the record that the prosecutor agreed to any specific term or cap on Petitioner's imprisonment. The plea agreement was signed and provided that Petitioner's sentence was to be determined by the trial court. The plea agreement also stated that Petitioner would not object to a sentence within the guidelines. Notably, Petitioner did not object to the term of imprisonment or claim that some promise of a three year prison term had been breached. Finally, the trial court, not the prosecutor, sentenced Petitioner.

Therefore, for the reasons stated above, Petitioner's application for a writ of habeas corpus is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 16, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290